IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFFANY RIDPATH,<br><br>                Plaintiff,<br><br>v.<br><br>SIRIUS COMPUTER SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 8:17-cv-00363<br><br>**PROTECTIVE ORDER** |

      This matter is before the Court on the parties' Joint Motion for Protective Order. ([Filing No. 17](#).) The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

      The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Plaintiff's claims and Defendant's defenses may necessitate discovery that results in the disclosure of confidential employment records, personnel files, tax returns and financial information, and medical information of Plaintiff, as well as confidential and/or proprietary business information relating to compensation and benefits, business transactions, tax returns and financial information, and plans and operations of Defendant.

      Having considered the matter, the parties' Joint Motion for Protective Order ([Filing No. 17](#)) is granted.

      Accordingly,

**IT IS ORDERED** as follows:

**<u>Definitions.</u>**

    a.    The term "action" means *Tiffany Ridpath v. Sirius Computer Solutions, Inc.*, No. 8:17-cv-00363, pending in the United States District Court for the District of Nebraska.

    b.    The term "Confidential Discovery Material" means any Discovery Material that has been designated "Confidential" or "Attorneys Eyes Only."

    c.    The term "disclose" or "disclosure" means to show, give, make available, or communicate in any fashion to any person any Discovery Material or any portion of Discovery Material.

    d.    The term "Discovery Material" means all documents, depositions, interrogatory responses, responses to requests for admissions, affidavits, exhibits, pleadings, briefs, memoranda, transcripts, testimony, and any other information produced, given, submitted to the Court, or exchanged by and among the parties and any non-parties to this litigation. Discovery Material includes, but is not limited to, Confidential Discovery Material.

    e.    The term "document" has the widest meaning accorded to it under the Federal Rules of Civil Procedure and the case law construing it.

    f.    The term "party" means any party to this action.

    g.    The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

    h.    The term "Producing Person" means any person who produces or supplies any Discovery Material, and any person who generated, has rights in, or has an interest in any Discovery Material.

i. The term "Protective Order" means this Joint Stipulated Protective Order. This Protective Order governs the handling of all Discovery Material, whether such Discovery Material was produced or submitted to the Court prior to or after the entry of this Protective Order.

j. The term "Receiving Person" means any person to whom Discovery Material is disclosed by a Producing Person in response to any discovery method.

2. **Description of "Confidential" and "Attorneys Eyes Only".** A Producing Person may designate as "Confidential" any Discovery Material that the Producing Person believes in good faith to contain trade secrets, confidential or proprietary business or commercial information, or other information of a personal or non-public nature (whether of the Producing Person or a third party). Information that is the subject of a non-disclosure or confidentiality agreement entered into by the Producing Person qualifies as "Confidential." A Producing Person may designate as "Attorneys Eyes Only" any Discovery Material that the Producing Person believes in good faith meets the criteria for being designated as "Confidential," has the capability of damaging a party's reputation, character, or causing personal embarrassment or contains highly sensitive business or commercial information, even if the disclosure is limited by the restrictions placed on "Confidential" Discovery Materials.

3. **No use for other purposes.** All Confidential Discovery Material, and all information contained therein, will be used only for the purpose of conducting this action, including any appellate proceedings, and not for any other purpose. Confidential Discovery Material will not be used for any other purpose, including without limitation any business or commercial purpose, and including without limitation any communications with any person who is not authorized to receive Confidential Discovery Material under this Protective Order.

4. **Procedure for designation.** Discovery Material may be designated as "Confidential" or "Attorneys Eyes Only" as follows:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony), designation will be made by the Producing Person by including the word(s) "Confidential" or "Attorneys Eyes Only" on each page containing any Confidential information, except that in the case of multi-page documents bound together by a staple or other binding, the word(s) "Confidential" or "Attorneys Eyes Only" need only be stamped on the first page of the document for the entire document to be treated as Confidential Discovery Material. In the case of electronically stored or other information not readily subject to page marking, designation will be made in writing by the Producing Person at or around the time of the disclosure that such information is "Confidential" or "Attorneys Eyes Only." In the event that any such information is thereafter printed out in hard-copy by the Receiving Person, the Receiving Person will affix on each page a label with the "Confidential" or "Attorneys Eyes Only" designation made by the Producing Person.

b. In the event a Producing Person elects to produce a large volume of documents or information for inspection or review, to facilitate prompt discovery, no designations of "Confidential" or "Attorneys Eyes Only" need be made in advance of the inspection or review. Instead, all documents or information will be treated as "Attorneys Eyes Only." Thereafter, upon selection of specified documents or information by the Receiving Person for copying or production, the Producing Person will mark the copies of such documents or information as "Confidential" or "Attorneys Eyes Only" in accordance with this Protective Order.

c. Notwithstanding the foregoing, a failure to designate documents or information at the time of production or disclosure as "Confidential" or "Attorneys Eyes Only"

does not constitute a waiver of such a claim. A Producing Person may designate documents or information as "Confidential" or "Attorneys Eyes Only" before or after the documents or information have been produced by providing written notice of the designation. Upon receipt of such notice, the Receiving Person will treat such documents or information as "Confidential" or "Attorneys Eyes Only" as if they had been initially so designated. The Receiving Person will make a reasonable, good-faith effort to insure that any analyses, memoranda, notes, or other materials containing such newly designated information are treated as containing Confidential Discovery Material.

        d.    In the case of depositions or other testimony (including exhibits), designation will be made by (1) a statement on the record by counsel for the Producing Person at or around the time the testimony is provided; or (2) written notice sent by counsel for the Producing Person to all parties within 30 days of receiving a copy of the transcript of such testimony. To enable Producing Person to make designations, all deposition testimony in this action will be treated as "Confidential" until the end of the 30th day after the parties and the deponent receive a transcript of the deposition, unless the testimony is designated "Attorneys Eyes Only" at the deposition. Whenever Confidential Discovery Material is to be discussed in a deposition, the Producing Person may have excluded from the deposition (for the duration of the discussion about the Confidential Discovery Material) any person who is not entitled under this Protective Order to receive such Confidential Discovery Material.

    5.    **Procedure for designation disputes.**  If at any time a party objects to a designation of documents or information as "Confidential" or "Attorneys Eyes Only," the objecting party will make good faith reasonable best efforts to confer about the challenged designation. After such efforts to confer have been made, the objecting party may move the Court to vacate or modify the designation of the documents or information as "Confidential" or

"Attorneys Eyes Only." Documents or information designated as "Confidential" or "Attorneys Eyes Only" will be treated as such by each Receiving Person until the Court rules otherwise, including during the period in which any motion to vacate or modify a designation is pending. Nothing in this paragraph is intended to shift the burden of establishing the propriety of a "Confidential" or "Attorneys Eyes Only" designation.

6. **<u>Authorized disclosure – Confidential.</u>** Discovery Material that has been designated as "Confidential," or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

a. Persons named as plaintiffs or defendants in this action, along with their respective employees, officers, and directors.

b. Counsel for the parties and employees and agents of counsel;

c. Experts or consultants retained by the parties or the parties' counsel solely for the purpose of assisting in prosecuting or defending this action. Confidential Discovery Material may be provided to and used by such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this action. The provisions of this paragraph also apply to any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this action. Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a party, or who provides consulting, expert, or other advisory services to a competitor of a party, be provided access to Confidential Discovery Material absent further order of the Court.

d. Authors, drafters, addressees, and other persons who properly received the Confidential Discovery Material prior to the commencement of this action.

e. Stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

f. The Court, court personnel, and members of any jury.

g. Any other person upon order of the Court or upon stipulation of the Producing Person.

7. **<u>Authorized disclosure – Attorneys Eyes Only.</u>** Discovery Material that has been designated as "Attorneys Eyes Only," or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

a. In-house and outside counsel for the parties in this action, and regular and temporary employees and contractors of such counsel having actual need for access to assist in the conduct of the litigation.

b. Experts or consultants retained by the parties or the parties' counsel solely for the purpose of assisting in prosecuting or defending this action. Confidential Discovery Material may be provided to and used by such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this litigation. The provisions of this paragraph also apply to any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this litigation. Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a party, or who provides consulting, expert, or other advisory services to a competitor of a party, be provided access to Confidential Discovery Material absent further order of the Court.

c. Stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

  d.  The Court, court personnel, and members of any jury.

  e.  Authors, drafters, addressees, and other persons who properly received the Confidential Discovery material prior to the commencement of this action.

  f.  Any other person upon order of the Court or upon stipulation of the Producing Person.

  8. **<u>No unauthorized disclosure.</u>** No Receiving Person will reveal Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Protective Order.  In the event that Confidential Discovery Material is disclosed by a Receiving Person to any person other than in the manner authorized by this Protective Order, the Receiving Person responsible for the disclosure will immediately inform the Producing Person of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made.  The Receiving Person responsible for the disclosure will also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives such Confidential Discovery Material.

  9. **<u>Maintenance of Confidential Discovery Material.</u>** A Receiving Person will maintain Confidential Discovery Material in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to access such Confidential Discovery Material.

  10. **<u>Producing Person's and independently-obtained material.</u>** Nothing in this Protective Order will prevent a Producing Person from using or disclosing its own Confidential Discovery Material for any purpose.  Such use or disclosure will not affect any designation of documents or information as "Confidential" or "Confidential Attorneys Eyes Only."  Nothing in this Protective Order will impose any restrictions on the use or disclosure by a Receiving Person

of Confidential Discovery Material that was obtained lawfully by such Receiving Person independently of the discovery proceedings in this action.

11. **No waiver of privilege through inadvertent production**. The inadvertent production of any Discovery Material will be without prejudice to, will not constitute a waiver of, and will not constitute estoppel as to any claim that such Discovery Material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production. Upon written notice by the Producing Person of an inadvertent production of Discovery Material containing privileged information, each Receiving Person will make no further use of such Discovery Material, will have ten days to return the Discovery Material and all copies thereof to the Producing Person, and will have ten days to destroy or delete all records of the contents of such Discovery Material. A Receiving Person returning such Discovery Material to a Producing Person may then move the Court for an order compelling the production of the Discovery Material, but the motion will not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

12. **No admissions or prejudice to other rights**. Entering into, agreeing to, and/or producing or receiving Discovery Material, or otherwise complying with the terms of this Protective Order, will not:

a. prejudice in any way the rights of the parties to object to discovery that the parties believe to be otherwise improper, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

b. prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility of any document, testimony, or other evidence subject to this Protective Order;

c. prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order, to petition the Court to modify or amend this Protective Order, or to petition the Court for a further or different protective order; or

d. prevent the parties from agreeing in writing to alter or waive the provisions in or protections of this Protective Order with respect to any particular Discovery Material.

13. **Other document subpoenas or demands**. If any Receiving Person is subpoenaed in another action or proceeding or is served with a document demand or compulsory process, including by a governmental agency, and such subpoena or document request seeks Discovery Material which was designated as "Confidential" or "Attorneys Eyes Only" by someone other than the Receiving Person, the Receiving Person will (a) within two business days advise all counsel by hand, facsimile transmission, or electronic mail transmission of the subpoena or demand by a written notice that includes a copy of the request; (b) object to the production of such Confidential Discovery Material on the grounds of the existence of the Protective Order, and otherwise cooperate to the extent necessary to permit the Producing Person to seek to quash or modify the subpoena or demand; and (c) not disclose Confidential Discovery Material until the Producing Person consents in writing or the Receiving Person is required by Court order to disclose or produce such Confidential Discovery Material.

14. **Return or destruction of Confidential Discovery Material**. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons having received Confidential Discovery Material will either make a good faith effort to return such Confidential Discovery Material and

all copies thereof to counsel for each Producing Person, or destroy all such Confidential Discovery Material and certify that fact to counsel for each Producing Person within seven days of destruction. Notwithstanding the foregoing, outside counsel for the parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney work product, all of which may contain Confidential Discovery Material, provided that such outside counsel and the employees of such outside counsel will not use or disclose any materials so retained except pursuant to Court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

15. **<u>Trial</u>**. In the event that any Confidential Discovery Material is used in any public hearing, trial, or other proceeding in this action, such material will not lose its status as Confidential Discovery Material through such use. The parties will cooperate to attempt to reach agreements, subject to the approval of the Court, regarding the use of Confidential Discovery Material at any hearing, trial, or other proceeding that is open to the public.

16. **<u>Duration</u>**. The provisions of this Protective Order, absent written permission of the Producing Person or further order of the Court, will continue to be binding throughout and after the conclusion of this action. Any party may seek leave to reopen the case to enforce the Protective Order after the action is terminated.

17. **<u>Binding effect</u>**. The parties agree to be bound by, and are entitled to rely on, the terms of this Protective Order once it has been signed by the parties' counsel, whether or not the Protective Order has been signed or entered by the Court.

18. **<u>Non-parties</u>**. The parties to this action agree that the production of any Discovery Material by any non-party to the action will be subject to and governed by the terms of this Protective Order, provided that the non-party agrees in writing to be bound by the terms

of the Protective Order.  In addition, each party may designate as "Confidential" any Discovery Material produced by a third party which relates to that party and which that party believes in good faith to contain trade secrets, confidential or proprietary business or commercial information, or other information of a personal or non-public nature.

19. **Headings.**  The headings in this Protective Order have been inserted for convenience of reference only and do not in any way restrict the terms or language of the Protective Order.

20. **Counterpart execution**.  This Protective Order may be executed in multiple counterparts.

Dated this 7th day of March, 2018.

                                             BY THE COURT

                                             s/ Susan M. Bazis
                                             United States Magistrate Judge